DEOGRACIAS VIERA, Plaintiff and Appellant, *v.* MANUEL V. DOMENECH, TREASURER OF PUERTO RICO, Defendant and Appellee.

No. 6064.    Argued June 7, 1933.—Decided June 13, 1933.

*M. A. Martínez Dávila* for appellant.    *Charles E. Winter, Attorney General,* and *M. Rodríguez Serra, Assistant Attorney General,* for appellee.

MR. JUSTICE ALDREY delivered the opinion of the Court.

The only controversy between the parties to this action relates to a question of fact.

The Treasurer of Puerto Rico assessed a tax on the income of Deogracias Viera for the year 1925 and the latter took an appeal to the Board of Equalization and Review, which, after several reconsiderations requested by Viera, fixed the taxable amount at $34,500. On June 1, 1931, Viera paid under protest the tax pertaining to that amount and brought the present action, alleging that his taxable income for said year was not $34,500 but $24,000, and praying for the return of the amount paid in excess on the remaining $10,500. The Treasurer opposed this claim and, after a

trial, judgment was rendered for the defendant. The plaintiff took an appeal from that judgment.

In the opinion delivered by the trial judge as a basis for his judgment, he summarized the evidence for both parties and, stating the same to be conflicting, declared that he resolved the conflict in favor of the defendant.

The grounds urged in support of this appeal are: That the lower court adjusted the conflict in the evidence in favor of the defendant without stating the reasons therefor; that the trial court erred in holding that the appellant had received $34,500 on May 30, 1925, as rent derived from his Quintana Racing Park; that it erred in declaring that the plaintiff failed to deny that he received in 1925 the $10,500 the object of this controversy, or that he had declared that amount in the previous income tax return for 1924.

The evidence for the plaintiff consisted of two deeds, one of 1925 and another of 1928 (according to the statement of the case, although the judge says that the last one is of 1923), from which it appears that Viera leased to The Porto Rico Racing Corporation the lands for annual rent of $6,000, payable in advance, and his Quintana Racing Park for $18,000 payable in advance, in quarterly payments of $4,500 each, totalling $24,000 a year; and the parties admitted that had Viera testified, he would have stated under oath that in 1925 he received $24,000 as the rent of his race track and lands. The evidence for the defendant consisted of the testimony given at the trial by Ramón de Jesús, an employee of the Department of Finance to whom the inspection of the books of Viera was entrusted. Said witness stated that he took as basis for his report the books of Viera in so far as the said lease was concerned. Those books were introduced in evidence, and an entry was found in the ledger dated May 30, 1925, reading: "Lease Account. Rent collected from The Porto Rico Racing Corporation A/CB, $34,500"; and in the cash book, with the same date, the following entry: "Paid by The Porto Rico Racing Corporation the following

rent," followed by several items and details as to their origin, amounting to $34,500. Then the plaintiff produced the ledger of The Porto Rico Racing Corporation to show that in 1925 he collected from the latter only $24,000 as rent. The latter account contains only dates and various amounts without specification of their origin.

It is true that, according to the deeds introduced in evidence, Viera was to receive annually from The Porto Rico Racing Corporation the sum of $24,000 as the rent of his racing track and other lands, but the fact shown by his books is that in 1925 he received $34,500 on that account. Said deeds show Viera's right to receive $24,000 annually, but his books establish the fact that in 1925 he received $34,500, and therefore we must rely on such a fact. The appellant says that in the $34,500 two quarterly instalments of $4,500 each pertaining to 1924 are included, but his books show that those instalments were paid to him in 1925. It is true that Viera testified, as admitted by the parties, that in 1925 he received $24,000 as the rent of his race track but, apart from his failure to testify that he had not received a greater sum that year, his documentary evidence shows that he received $34,500 and for that reason we come to the conclusion that, according to his own written evidence, he received $34,500. In order to contradict the result of his own accounting, the appellant produced the ledger of The Porto Rico Racing Corporation, to prove that in said year only $24,000 were paid to him as rent. Granting that such a thing appears from said book—a fact which is not clear to us as the book only contains dates and figures without any explanation thereof—the conclusion would be unavoidable that a conflict of evidence was involved, which would have to be decided in favor of the defendant, because the admission contained in the books of the plaintiff is superior to that which the book of his lessee may contain.

For the reasons stated the judgment appealed from must be affirmed.